IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD J. KESTER,)
         Plaintiff,)
)
vs.) Civil Action No. 08-516
) Magistrate Judge Amy Reynolds Hay
WARDEN RICHARD GIGLIOTTI, Butler)
County Prison; WARDEN CHARLES H.)
ADAMO, Lawrence County Corrections,)
         Defendants.)

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the complaint in the above-captioned case [Dkt. 3] be dismissed for failure to prosecute.

II.    Report

The plaintiff, Donald J. Kester, has presented a civil rights complaint against Warden Richard Gigliotti and Warden Charles H. Adamo, alleging that when he arrived at the Butler County Jail he informed the medical personnel that he had just been released from Armstrong Hospital Psychiatric Unit and was still on medication but had no one to bring it to him. Plaintiff alleges that despite having signed a release so that his records from the hospital could be obtained, and despite numerous requests for his medication, his requests were ignored.

On June 30, 2008, this court issued an order granting plaintiff's motion for leave to proceed *in forma pauperis* and directing plaintiff to return a Notice and Authorization form, which was provided to him, so that the appropriate monthly payment could be deducted from his inmate account until the requisite filing fee was paid in full [Dkt. 2]. On July 22, 2008, the court

was informed by the prison staff that plaintiff refused to sign the Notice and Authorization form and indicated that he no longer wanted to pursue the lawsuit [Dkt. 4].  Accordingly, on that same date, the court issued an Order to Show Cause, returnable on or before August 13, 2008, why the case should not be dismissed for failure to prosecute and advising plaintiff that his failure to respond to the order would result in the recommendation that the case, in fact, be dismissed.  To date, plaintiff has failed to respond to the Order to Show Cause or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the court must consider six factors.  These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

    (6)    The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this court's orders which weigh heavily against him.  Plaintiff's failure to submit the Notice and Authorization form so that his case could go forward and his subsequent failure to respond to the Order to Show

Cause was not only solely his personal responsibility but his failure to do so even at this juncture appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this court's orders -- there appears to be no specific prejudice to defendants as they have not yet been served with the complaint.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  Moreover, because he has failed to respond to two court orders, it appears that the plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by September 12, 2008, in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute a waiver of any appellate rights.

    / s/ *Amy Reynolds Hay*
    AMY REYNOLDS HAY
    United States Magistrate Judge

Dated: August 26, 2008


cc: Donald J. Kester
      Butler County Jail
      121 West Vagely Street
      Butler, PA 16001